NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 25 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-10247 |
| Plaintiff-Appellee, | D.C. Nos.<br>1:19-cr-00025-SOM-1<br>1:19-cr-00025-SOM |
| v. | |
| NOLAN NISHIDA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Susan O. Mollway, District Judge, Presiding

Argued and Submitted July 6, 2022
Honolulu, Hawaii

Before: WARDLAW, NGUYEN, and OWENS, Circuit Judges.

Nolan Nishida appeals from the district court's order denying his motion

under *Batson v. Kentucky*, 476 U.S. 79 (1986).  As the parties are familiar with the

facts, we do not recount them here.  We affirm.

1. The district court correctly determined that the facts here do not support a

finding of purposeful discrimination on the basis of gender.  First, the district court

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

did not err in her analysis of Juror 14 as compared to female jurors. Only comparisons to female jurors who both share the same "objective characteristics" as Juror 14 and were not struck by the prosecutor would be suggestive of purposeful discrimination. *United States v. Alanis*, 335 F.3d 965, 969 (9th Cir. 2003). By noting that Juror 14's "unusual demeanor" and informal greeting distinguished him from every other juror, the district court effectively determined that there was no female juror who shared his objective characteristics.

Next, Nishida's contentions that the prosecutor misstated the composition of the alternate list and relied on vague, extra-record explanations for strikes do not support a finding of purposeful discrimination. *See Flowers v. Mississippi*, 139 S. Ct. 2228, 2250 (2019) ("[M]istaken explanations should not be confused with . . . discrimination."); *see also Snyder v. Louisiana*, 552 U.S. 472, 477 (2008) (affirming that "race-neutral reasons for peremptory challenges often invoke a juror's demeanor (*e.g.*, nervousness, inattention)"). The prosecutor's individual questioning of a male juror also does not support an inference of discrimination because he was a replacement juror who did not participate in the previous group questioning.

Finally, the statistics Nishida raised do not compel a finding of purposeful discrimination on their own. *See, e.g.*, *United States v. Hernandez-Garcia*, 32 F.4th 1207, 1212, 1216 (9th Cir. 2022) (finding no *Batson* violation when a

2

prosecutor struck 60–75% of the Asian jurors in the venire). Even in cases with significant statistical disparities, courts typically look to additional indicators of discrimination before finding a *Batson* violation. *See, e.g.*, *Alanis*, 335 F.3d at 966, 969; *Flowers*, 139 S. Ct. at 2235. Here, there are no such indicators.

2. The record does not support Nishida's argument that the district court relied on any justifications for striking Juror 14 other than those provided at sidebar. The district court specifically limited her inquiry in the order on remand to Juror 14's supposed flippancy, which required her to consider his words, tone, and demeanor. *See Briggs v. Grounds*, 682 F.3d 1165, 1178 (9th Cir. 2012). The district court did not discuss the government's unrelated "amplified" explanations.

3. Finally, while it was error for the district court to consider her "overarching impressions of the [prosecutor], gathered over a period of years," this error does not warrant reversal. The district court's analysis was otherwise appropriate and provided ample evidence to support her conclusion that there was no purposeful discrimination.

**AFFIRMED.**